UNITED STATES DISTRICT COURT                                    JS6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09968-RGK-SK | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Eva Montalvo v. Wal-Mart Associates, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        **(IN CHAMBERS) Order Re: Order to Show Cause [DE 13]**

On July 15, 2025, Eva Montalvo ("Plaintiff") filed a Complaint against Wal-Mart Associates, Inc. ("Defendant"), alleging various employment-related violations of California law. (ECF No. 1-1.) On October 17, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) On December 2, 2025, the Court issued an Order to Show Cause ("OSC") regarding amount in controversy. Upon review of Defendant's Response to the OSC (ECF No. 18), the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Defendant argues that Plaintiff's $350,000 settlement demand is evidence that the amount in controversy exceeds $75,000. (Def.'s Response to OSC at 2, ECF No. 18.)

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-09968-RGK-SK | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Eva Montalvo v. Wal-Mart Associates, Inc.* | | |

     Settlement offers may, in some instances, provide evidence of the amount in controversy, but only if they reflect a reasonable estimate of the plaintiff's claim. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2022). In *Babasa*, the Ninth Circuit found a settlement letter sufficient to establish the amount in controversy. 498 F.3d at 974. That letter included detailed calculations based on the unpaid wages and civil penalties at issue. [1]*Id.* at 973, 975. In *Cohn*, the Ninth Circuit found a settlement letter in which Plaintiff asserted "the mark is worth more than $100,000 to him," as satisfying the amount in controversy because in suits for injunctive and other equitable relief, the amount in controversy is measured by the value of the object of the litigation. *Cohn*, 281 F.3d at 840.

     Other district courts in this Circuit have declined to rely on settlement demands when the demands lacked a clear factual basis. *See Hanshew v. Blazing Wings, Inc.*, 2016 WL 7489043, at *3 (D. Nev. Dec. 30, 2016) (settlement demand inadequate to prove amount in controversy where there was no indication the pecuniary demand was reasonable).

     Unlike in *Babosa*, Plaintiff's settlement demand does not substantiate the demanded figure. There is no indication from the settlement demand that $350,000 would represent a reasonable estimate of Plaintiff's claims. Additionally, unlike *Cohn*, this suit is not for injunctive and other equitable relief, such that the amount in controversy could be measured by Plaintiff's subjective value of the litigation. Furthermore, in an attempt to justify how Plaintiff's settlement demand is a reasonable estimate of her claims, Defendant merely repeats the figures for compensatory, emotional distress, and punitive damages, as well as attorney's fees that the Court found to be too speculative in the first place.

     Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court **REMANDS** the action to state court for all further proceedings. All deadlines and hearings before this Court are vacated. The Clerk shall close this action.

     **IT IS SO ORDERED.**

     **cc: LASC, 25STCV20882**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |

---

[1] It is worth noting that the *Babasa* court also noted the amount in controversy was clear from the face of the complaint, even without considering the settlement letter. *Babasa*, 498 F.3d at 975 n.2.